UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CANDICE COLEMAN,
      Plaintiff,

  v.                                                  Case No. 24-C-1047

PLASTIC COMPONENTS, INC.,
      Defendant.

## DECISION AND ORDER

Plaintiff Candice Coleman brings this action under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, against her former employer, Plastic Components, Inc. Plaintiff alleges both a failure-to-accommodate theory and a disability-discrimination theory. Before me now is defendant's motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) to the extent that it alleges a failure-to-accommodate theory.[1]

## I. BACKGROUND

According to the allegations of the amended complaint, in October 2023, Plastic Components hired plaintiff to the position of Human Resources Coordinator at its facility in Germantown, Wisconsin. Plaintiff performed the duties of her job satisfactorily until Friday, April 12, 2024. That evening, she suffered a severe allergic reaction to a hair treatment she had received earlier in the day. Plaintiff experienced swelling of the scalp and periodic severe headaches that caused her significant pain. The swelling lasted for

---

[1] Defendant previously filed a motion to dismiss plaintiff's original complaint. Because plaintiff responded to that motion by filing an amended complaint, *see* Fed. R. Civ. P. 15(a)(1)(B), the motion to dismiss the original complaint will be denied as moot.

several days, but plaintiff continues to experience severe pain with no indication that it will subside. She alleges that the pain substantially limits her ability to sleep and to look at an electronic screen for more than a brief period. After this brief period, plaintiff's vision becomes blurry and her head pain increases. This has hindered her ability to complete work that requires looking at screens.

Plaintiff alleges that on Sunday, April 14, 2024, plaintiff notified her supervisor, Human Resources Director Melissa Zell, of her ongoing pain and swelling. After learning about plaintiff's condition, Zell told her to stay home from work. Plaintiff stayed home for the next three workdays. On the evening of April 17th, Zell told plaintiff to come into the office for a meeting the next day. Plaintiff reported for this meeting on April 18th while she was still suffering from swelling and painful headaches. At the meeting, plaintiff was informed that she was being terminated due to her excessive absences. Plaintiff alleges that defendant gave her no prior notice that her attendance was a problem and that it did not follow the system of progressive discipline for absenteeism contained in its employee handbook.

Plaintiff alleges that if defendant had inquired about her condition, it would have learned that she could have performed the essential functions of her job from home, where she could have taken intermittent breaks that would have allowed her symptoms to subside. She contends that defendant is liable for failing to provide her with a reasonable accommodation. Defendant moves to dismiss this claim on the ground that plaintiff never requested an accommodation.

## II. DISCUSSION

To avoid dismissal under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must, at a minimum, "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In evaluating a motion to dismiss under Rule 12(b)(6), I must "accept the well-pleaded facts in the complaint as true"; however, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Defendant contends that the complaint must be dismissed because plaintiff has not alleged that she requested a reasonable accommodation. According to defendant, this is an element of plaintiff's claim that she must prove at trial to prevail on her failure-to-accommodate theory. Defendant contends that plaintiff's failure to specifically allege this fact in her complaint is therefore fatal. But defendant's understanding of the pleading standard in federal court is mistaken. Under that standard, once a plaintiff pleads a plausible grievance, she has stated a claim on which relief can be granted and does not need to allege facts corresponding to each element of the claim that she will need to prove at trial. *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1337–38 (7th Cir. 2024). Here, plaintiff has alleged that she has a disability and was terminated even though she could have performed the essential functions of her job with a reasonable accommodation. Because these allegations outline a plausible claim under the ADA,

3

plaintiff was not required to go further and allege facts satisfying all the elements she will eventually need to prove at trial.

To be sure, if plaintiff had alleged facts that defeat her claim, then the complaint could be dismissed on the theory that plaintiff had pleaded herself out of court. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). Thus, if requesting an accommodation really is an element of a failure-to-accommodate claim and plaintiff had expressly alleged that she did not request one, then dismissal for failure to state a claim would be appropriate. In the present case, plaintiff has not expressly alleged that she did not request an accommodation. However, in her brief in opposition to the motion to dismiss, plaintiff seems to concede that she did not request one by arguing that an employer can be liable for failing to accommodate a disability even when the employee did not request an accommodation. (Br. in Opp. at 2–5.) Perhaps this implied concession means that I should dismiss the complaint if I agree with defendant that an employee must request an accommodation before the employer's obligations under the ADA are triggered.

But I don't agree with defendant on this point. True, the Seventh Circuit has stated that the "general rule" is that an employee must request an accommodation. *Jovanovic v. In-Sink-Erator Div. of Emerson Elec. Co.*, 201 F.3d 894, 899 (7th Cir. 2000); *see also Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015) (a plaintiff "typically" must request an accommodation for his disability in order to claim that he was improperly denied one). But that's only a general rule, and the circumstances of a particular case might show that the employee could not have been expected to specifically request an accommodation. *See Bultemeyer v. Fort Wayne Cmty. Schs.*, 100 F.3d 1281, 1285–87 (7th Cir. 1996) (employer not excused from providing reasonable

4

accommodation to mentally disabled employee who did not specifically request one). Based on the pleadings alone, and without further factual development that might provide additional context, I cannot say that plaintiff's failure to request an accommodation is fatal to her claim. Plaintiff alleges that she developed the symptoms associated with her disability over a weekend and informed her supervisor about them before reporting to work on Monday. The supervisor told plaintiff she could remain at home. When defendant abruptly required plaintiff to report to work for a meeting three days later, she was immediately fired. Under these alleged facts, plaintiff had no reason to request an accommodation before she was fired. Defendant was, in fact, accommodating her disability by permitting her to remain at home. Until defendant changed course, plaintiff would not have known that she needed to request a different accommodation. And by that time, defendant had already decided to terminate her, so plaintiff did not have a chance to request the accommodation. If these alleged facts turn out to be true and defendant does not show that plaintiff had a reason or an opportunity to request a different accommodation, then plaintiff could prevail at trial without showing that she requested a reasonable accommodation.

Accordingly, defendant's motion to dismiss the failure-to-accommodate theory will be denied.

### III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that defendant's motion to dismiss Count I of the amended complaint (ECF No. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the original complaint (ECF No. 5) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2024.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge